IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Marcus Jermine Royston,<br><br>       Plaintiff,<br><br>       vs.<br><br>Johnson Ramstad & Mottinger,<br>and Steven D. Mottinger, Esq.<br><br>       Defendants. | Case No. 3:12-cv-44<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Marcus Jermaine Royston ("Royston"), who is proceeding *pro se*, seeks to recover compensatory and punitive damages against Johnson Ramstad & Mottinger, and Steven D. Mottinger, Esq. ("Defendants" or "Mottinger") for alleged negligence and legal malpractice rendered during Mottinger's representation of Royston in a federal criminal action, Case No. 3:09-cr-155-02. (Doc. #1). The court has jurisdiction based on diversity of citizenship. Both parties have moved for summary judgment. (Doc. #44, Doc. #50, Doc. #61).

## Summary of Recommendation

Defendants are entitled to judgment as a matter of law because Royston has failed to establish the breach of duty and causation elements of his claim for legal malpractice against Defendants. It is **RECOMMENDED** that Royston's motion for summary judgment (Doc. #44) be **DENIED** and that Defendants' cross motion for summary judgment (Doc. #50, Doc. #61) be **GRANTED**.

## Background

On May 28, 2010, a jury found Royston guilty of Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance as well as aiding and abetting the crime of

Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2, respectively. United States v. Royston, D.N.D. Case No. 3:09-cr-155, Doc. #322, pp. 1, Doc. #616, pp. 1. The Eighth Circuit affirmed the District of North Dakota's decision with the exception of the sentencing, which was remanded. United States v. Royston, 687 F. 3d 935, 947 (8th Cir. 2012).

Steven D. Mottinger is an attorney licensed to practice law in the State of North Dakota and before the Federal Courts in the District of North Dakota. (Doc. #11). Steven D. Mottinger is a partner in the law firm, Johnson, Ramstad & Mottinger, PLLP and was individually appointed to represent Royston in the underlying criminal case under the Criminal Justice Act. Id.

Royston alleges Mottinger conspired to minimize costs in Royston's defense by providing substandard representation in order to obtain maximum revenue in billing the United States government for hours not expended by Mottinger in developing a viable defense. (Doc. #1). Specifically, Royston contends Mottinger's substandard representation amounted to negligence and legal malpractice because Mottinger failed to interview government witnesses, failed to review discovery, failed to object to Royston's initials on an audio tape,[1] failed to allow Royston to review discovery, failed to investigate and pursue an alibi defense, told the jury they could convict Royston because there was evidence of his guilt, and failed to investigate whether a particular government witness coerced other witnesses into making false statements. Id.

---

[1] Defendants' alleged failure to object to Royston's initials on an audio tape refers to a video surveillance tape of a drug-related purchase the government submitted into evidence during the underlying criminal case against Royston. Royston contends his initials were included on the caption of the tape even though there was no audio or video evidence of Royston being present at the purchase recorded on that tape. Royston avers Defendants' refusal to present a pretrial motion for an evidentiary hearing regarding the tape, despite Royston's request, constitutes negligence and legal malpractice. (Doc. #44).

Royston submits expert testimony is unnecessary to determine whether Mottinger's representation fell below the reasonable standard of care for practicing attorneys in North Dakota because Mottinger's failure is so clear and obvious that a layperson could comprehend his breach of duty and the damages that resulted. (Doc. #44, Doc. #63). Accordingly, Royston submits the court should grant his motion for summary judgment as a matter of law. Id.

Defendants filed a cross motion for summary judgment, alleging Royston has failed to establish essential elements of his claim against Mottinger for legal malpractice. (Doc. #57). Specifically, Defendants submit Royston's failure to have expert testimony address the standard of care and whether Steven D. Mottinger's actions proximately caused Royston's alleged damages entitles Defendants to summary judgment as a matter of law. Id.

## Legal Standard

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is "material" if it might affect the outcome of a case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex, 477 U.S. at 322. Cross motions for summary judgment must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Shaw Constructors v. ICF Kaiser Engineers, Inc., 395 F.3d 533, 538-539 (5th Cir. 2004).

**Law and Discussion**

The elements of a legal malpractice action against an attorney for professional negligence are: (1) the existence of an attorney-client relationship; (2) a duty owed by the attorney to the client; (3) a breach of that duty by the attorney; and (4) damages to the client proximately caused by the breach of that duty.  Davis v. Enget, 2010 ND 34, ¶ 7, 779 N.W.2d 126, 129. Here, it is undisputed that Steven D. Mottinger was Royston's attorney and that he owed Royston a duty of care, therefore satisfying the first two elements. The issue is whether a genuine issue of material fact exists in determining the third and fourth elements of breach of duty and causation.

The standard of care or duty to which an attorney is held in the performance of his or her professional services is that degree of skill, care, diligence, and knowledge as is ordinarily possessed by members of the legal profession in good standing in similar communities. Sheets v. Letnes, Marshall & Fiedler, Ltd, 311 N.W.2d 175, 180 (N.D. 1981). "Generally, expert testimony is necessary to establish the professional's standard of care (duty) and whether the professional's conduct in a particular case deviated form the standard of care (breach of duty)." Wastvedt v. Vaaler, 430 N.W.2d 561, 565 (N.D. 1988). Expert testimony is not required in the exceptional case where "the professional's misconduct is so egregious and obvious that a layperson can comprehend the professional's breach of duty without the assistance of expert testimony." Id.

Whether or not expert testimony is necessary depends upon the facts of the particular case. Id. For example, expert testimony concerning deviation from the standard of care has been deemed unnecessary when an attorney failed *inter alia* to "appear in court on his client's behalf, notify a client of termination of employment . . . or file an action within the statute of

limitations." Id. (internal citations omitted). To the contrary, expert testimony is necessary if the attorney's representation involves complex matters, such as *trial tactics*, "because a jury cannot rationally apply negligence principles to professional conduct without evidence of what a reasonable attorney would have done under the circumstances," nor may the jury "be permitted to speculate about what the professional custom may be." Id. at 566 (emphasis added)(internal citations omitted). Consequently, aside from rare exceptions, "the nuances and variations of the practice of law make indispensable expert testimony to acquaint the trier-of-fact with the applicable standard of care and any deviation therefrom." Id.; Davis, 779 N.W.2d at 129.

The court notes that Royston's motion for summary judgment (Doc. #44) and response to Defendants' cross motion for summary judgment (Doc. #63) cite primarily to case law concerning ineffective assistance of counsel in habeas corpus proceedings[2] rather than to case law regarding legal malpractice for negligence, which is at issue in the present case.[3] To clarify,

---

[2] The court notes that Royston has a pending federal habeas action in which he is claiming ineffective assistance of counsel by Mottinger. See Case No. 3:09-cr-155-02 (Doc. #648, p. 4).

[3] The two non-habeas cases Royston cites are Baker v. Beal, 225 N.W. 2d 106 (Iowa 1975) and Hill v Okay Const. Co., Inc., 312 Minn. 324, 252 N.W.2d 107. (Minn. 1977). Although neither case applies North Dakota law, both cases echo the expert testimony requirement in North Dakota legal malpractice law whereby the requirement exists unless the attorney's conduct involves a matter of common knowledge and is so obvious that a layperson can comprehend. Baker, 225 N.W.2d at 112; See Hill, 252 N.W.2d at 116. In Baker, the court determined that even in a non-jury trial the plaintiff was required to submit expert testimony on the attorney's decision not to assert a claim on the plaintiff's behalf under a particular statute. See Baker, 225 N.W.2d at 114. Hill, which involved an attorney's dual representation of both the buyer and seller of a business and failure to reduce the agreement to writing, was tried both to the court and to the jury with the court adopting the jury verdict and making additional findings. Expert testimony was presented on the issue of dual representation and lack of written agreement but was lacking on the issue of failure to follow the client's request for protection from the other party's creditors. The court held the jury was competent to evaluate the attorney's conduct on that issue without the assistance of expert testimony. Hill, 252 N.W.2d. at 116. The issue was "obvious, . . . [and] [e]xpert testimony would add nothing . . . ." Id. at 117.

in a federal habeas challenge to a criminal judgment, the court conducts a review of counsel's representation because both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact. See Strickland v. Washington, 466 U.S. 668, 698 (1984). In a legal malpractice case, the issue of whether counsel's conduct met the standard of care is a question of fact to be determined by the jury. See generally Wastvedt, 430 N.W.2d at 565. Here, both Royston and Defendants demanded a jury trial and therefore a jury is responsible for determining whether Defendants' conduct deviated from the standard of care.

As stated above, Royston claims Defendants were negligent (breached their duty) by failing to interview government witnesses, failing to review discovery, failing to object to Royston's initials on an audio tape, failing to allow Royston to review discovery, failing to investigate and pursue an alibi defense, telling the jury they could convict Royston because there was evidence of his guilt, and failing to investigate whether a particular government witness coerced other witnesses into making false statements. (Doc. #1, Doc. #44, Doc. #63). Royston further alleges that Mottinger's substandard representation lost him his federal criminal action, resulting in Royston having to serve a life sentence (i.e., damages proximately caused by Mottinger's alleged breach of duty). (Doc. #63, ¶ 4). The court finds that without expert testimony indicating Mottinger's representation fell below the standard of care, there is no competent, admissible evidence in the record to support Royston's claims. While Royston may have a firm belief that Mottinger's representation and overall trial strategy were insufficient, "his lay opinion cannot supplant that of an expert because the nature of the alleged errors are not so egregious or obvious that a layperson could perceive them." Davis, 779 N.W.2d at 129; Compare Davis (expert testimony was required to find breach of attorney's duty to client where attorney represented client in a field of law new to the attorney), with Wastvedt, 430 N.W.2d at

565 (expert testimony was not required when attorney failed to inform a client of a settlement offer). Royston's failure to provide the court with expert testimony indicating Mottinger's representation fell below the applicable standard of care ultimately means Royston has failed to establish essential elements of his claim for legal negligence against Mottinger.

## Conclusion

Defendants are entitled to judgment as a matter of law because Royston has failed to establish the breach of duty and causation elements of his claim for legal malpractice against Defendants. It is **RECOMMENDED** that Royston's motion for summary judgment (Doc. #44) be **DENIED** and Defendants' cross motion for summary judgment (Doc. #50, Doc. #61) be **GRANTED** and Royston's complaint (Doc. #1) be **DISMISSED** with prejudice.

Dated this 26th day of September, 2013.

 /s/ *Karen K. Klein*          
Karen K. Klein
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation  by filing with the Clerk of Court no later than October 24, 2013, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.