IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Marcus Jermine Royston, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-cv-44 |
| | ) | |
| -vs- | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| Johnson Ramstad & Mottinger, and Steven | ) | |
| D. Mottinger, Esq., | ) | |
| | ) | |
| Defendants. | ) | |

The Court has received a Report and Recommendation from the Honorable Karen K. Klein,

United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that Plaintiff Marcus

Jermine Royston's motion for summary judgment be denied and that Defendants' cross motion for

summary judgment be granted (Doc. #80). Royston has filed objections to the Report and

Recommendations (Docs. #82 & 85). Royston contends the trial transcript demonstrates that

Mottinger did not go through all of the discovery and did not investigate the allegations (Doc. #82,

p. 2). He further contends that Mottinger's statements are sufficient to establish a claim. Id. at 3;

Doc. #85, p.1.

The North Dakota Supreme Court has stated that in a legal malpractice case expert testimony

is necessary if the claims against an attorney involve trial tactics. Wastvedt v. Vaaler, 430 N.W.2d

561, 566 (N.D. 1988) (citation omitted). An exception applies when the professional misconduct

is "so egregious and obvious that a layperson can comprehend the professional's breach of a duty

without the assistance of expert testimony." Id. (citations omitted). Royston has claimed that

Mottinger was negligent for failing to interview witnesses, for failing to review discovery, for failing

to object to his initials on an audio tape, for failing to permit him to review the discovery, for failing

to investigate and pursue an alibi defense, for telling the jury they could convict him because there

was evidence of guilt, and for failing to investigate whether a government witness coerced other

witnesses into making false statements. Essentially, Royston contends that his lawyer utilized deficient trial tactics and employed a poor trial strategy.

In order to resolve Royston's claims, a fact-finder would need to determine whether Mottinger provided professional services with the "degree of skill, care, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in the practice of law in the State." Davis v. Enget, 779 N.W.2d 126, 129 (N.D. 2010) (quoting Martinson Bros. v. Hjellum, 359 N.W.2d 865, 872 (N.D. 1985)). The excerpts from the trial transcript that Royston relies on to support his claims are insufficient to establish, as a matter of law, a deviation from the standard of care. Royston cites to trial transcript pages 1628-31 and 1676-79 of his criminal case. On page1630, Mottinger represented the following to the Court:

> As the Court is aware, Mr. Randall testified this morning. Prior to him testifying, as late as yesterday afternoon, I went though the written discovery. Mr. Randall's name was mentioned. There was nothing in the written discovery in regard to substantive statements he had made in regard to the specific transactions between himself and Mr. Royston. So, that being said, his testimony took us somewhat by surprise.
> My understanding is Mr. Myers thinks that they may have disclosed an audio. In my review of my index, I can't find it on there. Obviously his name was mentioned. If this was not a case with thousands of pages of discovery and hours and hours of audio my position might be somewhat different . . . [O]ur position is they should have at least been put in the summary of Detective Stuvland's written report in regard to Mr. Randall.

In the subsequent pages, the Court discusses the claim of unfair surprise, directs that the government produce the documents in question, and indicates it will take up the claim at a later time if there is an issue that needs to be addressed. In the other section referenced by Royston, Royston told the Court that he was "blindsided" by certain information presented at trial (Doc. #452, Tr. 1677-78). Mottinger stated that the information at issue was produced during discovery. Id. at 1679. Disclosure of information produced during discovery was subject to a protective order, which

prohibited Mottinger from leaving a copy of the discovery with Royston (Doc. #113). Nonetheless, neither of these passages is conclusive evidence of a legal malpractice claim.

This is not the rare case where the alleged professional misconduct is so egregious and obvious that the breach of the duty is apparent. While Royston has a firm belief that Mottinger was negligent, his lay opinion is insufficient to supplant that of an expert. <u>Davis</u>, 779 N.W.2d at 129. Because Royston has failed to identify an expert who will testify that Mottinger's representation of Royston deviated from the standard of care, he cannot establish the essential elements of his claim for legal negligence. <u>Davis</u>, 779 N.W.2d at 129 (legal malpractice claim requires the existence of an attorney-client relationship, a duty by the attorney to the client, a breach of that duty, and damages proximately caused by the breach). After conducting a de novo review of Royston's objections and reviewing entire record, the Court finds the magistrate judge's analysis is correct.

For these reasons and for the reasons set forth in the magistrate judge's Report and Recommendation, Royston's motion for summary judgment (Doc. #44) is **DENIED**. Defendants' cross motion for summary judgment (Doc. #50, 61) is **GRANTED**. This case is hereby dismissed with prejudice.

Let judgment be entered accordingly.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2013.

*/s/   Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court
